■ BARBARA J. LANE, an Infant, by CORTLANDT LANE, Her Guardian ad Litem, et al., Appellants-Respondents, v. ERNEST STERRITT, as Guardian ad Litem of JAMES K. STERRITT, an Infant, Respondent, and GORDON C. SPECK, Respondent-Appellant. TERRENCE E. LANE, an Infant, by CORTLANDT LANE, Her Guardian ad Litem, et al., Appellants-Respondents, v. ERNEST STERRITT, as Guardian ad Litem of JAMES K. STERRITT, an Infant, Respondent, and GORDON C. SPECK, Respondent-Appellant.— Terrence E. Lane and Barbara Joan Lane were passengers in an automobile operated by James K. Sterritt. This car collided with a car driven and owned by Gordon C. Speck. The Lanes sued both drivers. Apparently Sterritt also sued Speck but that action is not involved in these appeals. The jury brought in verdicts against Speck and no cause of action in favor of Sterritt. Speck appeals from the judgments against him, and the Lanes appeal from the judgment of no cause of action in favor of Sterritt. The accident happened on Route 9W in the village of Catskill, New York. The Sterritt car was being driven in a northerly direction, and its driver attempted to make a left turn into a street known as Depot Street. He was struck by the Speck car driving south. Route 9W at the place where the accident occurred is a three lane highway and all parties agree that north from the entrance to Depot Street the view was unobstructed for about 500 feet. Beyond that there was a dip in the road. The accident happened at about 9:30 on the evening of November 23, 1951. It had been raining and the pavement was wet. Sterritt testified that he made a gradual turn to the left, at ten miles an hour, toward Depot Street and was across the most westerly lane of the highway when his car was struck. Although the view was unobstructed and both cars had their headlights on he did not see the Speck car before the collision. One of his passengers said that he saw the approaching Speck car just before the collision happened. Sterritt was the holder of a junior license which did not permit him to drive at night. He was driving without the use of eyeglasses which was contrary to the provisions of his license. He conceded that he failed to give any signal before turning left. Speck testified that when he saw the Sterritt car it was approaching north on the most easterly lane when he was about 300 feet north of the entrance to Depot Street. He continued on his way and the Sterritt car turned left in front of him when he was only ten or fifteen feet away from it. He reached for his brakes but was unable to stop his car before the collision occurred. He claimed to have been traveling at a speed of from twenty to twenty-five miles an hour just before the collision occurred. The force of the impact between the two vehicles pushed the Sterritt car 30 to 35 feet south of Depot Street over the sidewalk and into a hedge. At least one of the passengers was thrown out of the car.

The only way the jury could find against Speck alone and exonerate Sterritt was to find that Speck was traveling at a terrific rate of speed, and that his car was hidden from Sterritt's vision when the latter started to make a left turn by the dip in the road 500 feet away. It seems to us however that the verdict exonerating Sterritt and holding Speck was against the weight of evidence and that under the circumstances there should be a new trial in each action. Judgments reversed, on the law and facts, and a new trial granted in each case, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.